UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   For Online Publication Only
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION
AND WEFARE FUNDS,                                                      **ORDER**
                                                                       15-CV-2763 (JMA)(SIL)

                 Plaintiffs,

      -against-

RUSH CONCRETE CORP.,

                Respondent.
-------------------------------------------------------------------X

**APPEARANCES:**

Nicole Marimon
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, NY 10004
    *Attorneys for Plaintiff*

Richard B. Ziskin
The Ziskin Law Firm, LLP
6268 Jericho Turnpike, Suite 12A
Commack, NY 11725
    *Attorneys for Respondent*

**AZRACK**, **United States District Judge:**

      In February 2015, plaintiffs obtained an arbitration award against respondent Rush Concrete in the amount of $52,121.51 for unpaid contributions and related damages. Rush has refused to pay any portion of this award. In July 2014, plaintiffs filed the instant suit seeking to confirm and enforce the arbitration award pursuant to § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), § 301 of the Labor Management Relations Act of 1947 ("LMRA"), and § 9 of the Federal Arbitration Act ("FAA"). Currently pending before the Court

is plaintiffs' motion for summary judgment. Although it did not formally move to vacate the award, respondent filed an opposition arguing that the award should be vacated.

The Court has reviewed the arbitration award, the documents submitted with the parties' memoranda, and other documents that are part of the record including the petition to confirm the award and the response to the petition. (See ECF Nos. 1. 2, 7, 15–25.) Based on the record, the Court grants plaintiffs' motion for summary judgment and confirms the arbitration award.

It is well established that "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (internal citations and quotations omitted). In order to warrant confirmation, an "arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." Id. Indeed, "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." Id.

In analyzing an arbitration award, the Court "must determine first whether the arbitrator acted within the scope of his authority, and second whether the award draws its essence from the agreement or is merely an example of the arbitrator's own brand of justice." Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992).

First, the Arbitrator here acted within the scope of his authority, as the Joint Policy for Collection of Delinquent Contributions ("Collection Policy") provides that an unresolved dispute should be referred to arbitration. (Joint Policy for Collection of Delinquent Contributions ("Collection Policy") Article 2.2 A, ECF 16-8.) Second, the award draws its essence from the

2

Collective Bargaining Agreements, which establish that a covered employer who fails to remit contributions may be liable for interest, liquidated damages, and attorneys' fees.  (See, e.g., Article Twenty, Section (b), ECF 16-2.)  The Collection Policy further provides that an employer will be liable for all costs incurred in collecting delinquent contributions, including audit costs and arbitration fees.  (Collection Policy Article 6.3.)

Because the arbitrator acted within his authority and the award draws its essence from the agreement, the Court confirms the award.

In opposing plaintiff's petition, respondent raises three meritless arguments.  First, respondent's argument that the arbitrator "failed and refused" to consider the facts, evidence, and arguments presented to him is unavailing.  (Def. Opp. at 3, 14, 16, 17.)  Respondent challenges the arbitrator's determination that Antonio Palhares qualified as a covered employee.  In assessing the arbitrator's interpretation of the facts, "[t]he [C]ourt is forbidden to substitute its own interpretation even if convinced that the arbitrator's interpretation was not only wrong, but plainly wrong."  Local 1199, 956 F.2d at 25 (quoting Chicago Typographical Union No. 16 v. Chicago Sun–Times, Inc., 935 F.2d 1501, 1505 (7th Cir. 1991)).  The award "should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'"  Wallace v. Buttar, 378 F.3d 182, 190 (2d Cir. 2004) (citing Banco de Seguros del Estado v. Mutual Marine Office, Inc., 344 F.3d 255, 260 (2d Cir. 2003)).  Here, there is a colorable justification supporting the arbitrator's findings.

Second, respondent appears to argue that the arbitrator's award was procured by fraud and that the arbitrator was not impartial.  (Def. Opp. at 17.)  In support of this argument, respondent references similarities between this award and other awards by the same arbitrator.  (Id.)  Both parties concede that the FAA does not govern this contract, but that federal courts

3

often look to the FAA for guidance in labor arbitration cases. (Id. at 13; Pl. Reply 7, ECF No. 25.)

Under the FAA, a district court may vacate an award where (1) "the award was procured by corruption, fraud, or undue means" or (2) "there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a). The Second Circuit has held that "[e]vident partiality may be found only 'where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration.'" Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 64 (2d Cir. 2012) (quoting Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S., 492 F.3d 132, 137 (2d Cir. 2007)).

Here, the Court agrees with plaintiffs that the similarities between the instant award and previous awards by the same arbitrator are reasonable since this arbitrator serves as the designated arbitrator for the Funds and decides many disputes dealing with the same agreements and similar issues. (Pl. Reply at 6.) Respondent, thus, fails to provide any evidence that supports its assertions of fraud and partiality.

Third, respondent challenges the arbitrator's interest calculation, suggesting that the amount should be modified due to a "material miscalculation." (Def. Opp. at 17–18.) This argument fails because the arbitrator used the interest rate provided by the Collection Policy and calculated the interest from the due date through the date of the hearing. (Collection Policy Article 2.1 D; Krassnoff Decl. ¶ 5, ECF No. 23; Audit Report, ECF No. 23-1.) The Court finds that there is no evidence of a material miscalculation and will not modify the award.

Based upon a review of the arbitration award and other documentary evidence in the record, I hereby grant plaintiffs' motion for summary judgment confirming the arbitration award against respondent.

**SO ORDERED.**

Date: July 31, 2017
Central Islip, New York

      /s/ (JMA)
Joan M. Azrack
United States District Judge